```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION

PEDRO RUIZ,                    )
                               )
     Plaintiff,                )
                               )
vs.                            )    NO. 2:11-CV-32
                               )
MIDLAND CREDIT                 )
MANAGEMENT, INC.,              )
                               )
     Defendant.                )
```

## OPINION AND ORDER

This matter is before the Court on the Motion for Judgment on the Pleadings Directed to Plaintiff's Complaint, filed by Defendant, Midland Credit Management, Inc., on June 21, 2011. For the reasons set forth below, this motion is **GRANTED.** As a result, Plaintiff's Fair Debt Collection Practices Act claims contained in the Complaint are **DISMISSED**.

BACKGROUND

According to the allegations contained in the complaint, on October 21, 2010, Midland Credit Management, Inc. ("Midland"), sent a letter to Plaintiff Pedro Ruiz ("Ruiz"), on behalf of the original creditor, Citibank, regarding an outstanding debt from

-1-

transactions for personal, family, and household purposes. (Plaintiff's Cmplt ¶¶ 10, 11, 12; Pl's Exhibit A).

Upon receiving the letter, Ruiz believed legal action had already been filed or was imminent. (Plaintiff's Cmplt ¶ 13). The letter, which said "Pre-Legal Notification" across the top, provided, in relevant part:

> This letter is to inform you that we [Midland] are considering forwarding this account to an attorney in your state fro possible litigation. Upon receipt of this notice, please call immediately to discuss your options. If we don't hear from you or receive payment by 11-20-2010, we may proceed with forwarding this account to an attorney.

(Plaintiff's Exh. A). Ruiz received the letter November 5, 2010. (Plaintiff's Exh. A). He filed his complaint on January 21, 2011. At the time of filing, no action had been taken against Ruiz by Midland. (Plaintiff's Cmplt ¶ 15).

Ruiz filed a complaint against Midland for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), claiming the letter dated October 21, 2010, was a threat of legal action that Midland neither intended to take nor could legally take; was a false representation or deceptive means to collect a debt; and was conduct that harassed, oppressed, and abused Ruiz in connection with the collection of the debt. (Plaintiff's Cmplt ¶ 16). The claim that the letter constituted harassment or abuse has been voluntarily withdrawn by Ruiz. (Plaintiff's Response in Opposition to Defendant's Motion for Judgment on the Pleadings ("Plaintiff's

Response Brief"), 11).

Midland brings the instant motion for judgment on the pleadings, claiming that Ruiz has not stated a claim for which relief can be granted because the letter it sent to Ruiz did not constitute a threat of legal action and because the remaining claims are merely unsupported legal conclusions.

DISCUSSION

Motion for Judgment on the Pleadings Legal Standard

A party is permitted under Rule 12(c) to move for judgment on the pleadings after the parties have the complaint and the answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A motion for judgment on the pleadings "under Rule 12(c) is reviewed under the same standard as a motion to dismiss under 12(b); the motion is not granted unless it appears beyond a doubt that the plaintiff can prove no facts sufficient to support his claim for relief, and the facts in the complaint are viewed in the light most favorable to the non-moving party." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded allegations." *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000). A court may rule on a judgment on the pleadings under Rule 12(c) based on a review of the pleadings alone, which include the

complaint, the answer, and any written instruments attached as exhibits. *Id*. at 452-453.

To survive a motion for judgment on the pleadings, the plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level" and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949, 1965 (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. The court does not take "legal conclusion[s] couched as factual allegation[s]" as true. *Id*. at 1950.

Fair Debt Collection Practices Act

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Debt collectors cannot "make false, deceptive, or misleading

representation[s] ... in connection with the collection of any debt." *Id*. at § 1692e.  Among the proscribed representations are threats of action the debt collector either cannot legally take or does not intend to take.  *Id*. § 1692e(5).  In addition, debt collectors are not allowed to use any "false representation[s] or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id*. § 1692e(10).

"The Seventh Circuit evaluates communications from debt collectors 'through the eyes of an unsophisticated consumer.'" *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1129 (N.D. Ill. 1998) (quoting *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 384-84 (7th Cir. 1997).  This consumer is a "hypothetical consumer whose reasonable perceptions will be used to determine if collection measures are deceptive or misleading." *Gammon v. GC Servs. Ltd P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).  The "level of sophistication ... is 'low, close to the bottom of the sophistication meter.'" *Jenkins*, 999 F. Supp. at 1129 (quoting *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996).  "The unsophisticated consumer may be uninformed, naive, and trusting, but still has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (internal citations and quotations omitted).  The standard also protects the debt collector by "admitt[ing] an objective

element of reasonableness, protect[ing] debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Jang*, 122 F.3d at 483–84; *see also Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) ("[T]he unsophisticated-debtor standard is an objective one and is not the same as the rejected least-sophisticated standard ... we disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters.").

> The section 1692e(5) claim must be dismissed
> because the unsophisticated consumer would not
> <u>find the letter to constitute a threat of legal action</u>

A communication from a debt collector constitutes a threat of legal action if it "communicate[s] that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." *Jenkins*, 999 F. Supp. at 1136. Language that "'indicates hat a matter may be referred to an attorney ... if payment is not made" is not unlawful." *Adams v. J.C. Christensen & Assocs.*, 777 F. Supp. 2d 1193, 1197 (D. Minn. 2011) (quoting *Madura v. Lakebridge Condo. Ass'n*, 382 F. App'x 862, 865 n.2 (11th Cir. 2010) (per curiam)). There are two elements to Section 1692(e)(5) claims: "(i) threatened action, (ii) which was not intended to be taken." *Larsen v. JBC Legal Group, P.C.*, 533 F. Supp. 2d 290, 302 (E.D.N.Y. 2008).

To establish that a letter threatens action, the letter must make clear to the unsophisticated consumer that legal action is imminent or has been taken.  *See Jenkins*, 999 F. Supp. at 1136.  Here, Ruiz bases his belief that the letter constituted a threat of legal action on a mischaracterization of the language in the letter.  In his brief opposing the present motion, Ruiz misquotes the letter as stating:

> Specifically, Defendant's October 21, 2010, states that Defendant was "considering forwarding this account **to an attorney with the intent to initiate legal action to satisfy the debt.**"  *See* Exhibit A to Plaintiff's complaint; Document No. 1 (emphasis added).

(Plaintiff's Response Brief, p. 4) (emphasis in original).

Contrary to Ruiz's misrepresentations, the actual language from the letter informed Ruiz that Midland was "considering forwarding this account to an attorney in your state for possible litigation ... If we don't hear from you or receive payment by 11-20-2010, we may proceed with forwarding this account to an attorney."  Plaintiff's Exh. A.  This letter would not make an unsophisticated consumer believe that a decision to pursue legal action is either imminent or has already been made.  *See Jenkins*, 999 F. Supp. at 1138 ("[T]he letter makes clear that no decision regarding legal action has been made, no action has been taken and none is imminent."); *Sherry v. Global Credit & Collection Corp.*, No. 8:10-cv-406, 2011 U.S. Dist. LEXIS 61951, *9 (D. Neb. March 22,

2011) (a letter that indicates "litigation 'may' be brought if the matter cannot be resolved" is not a threat under Section 1692e(5)). The unsophisticated consumer, who may be naïve, is still "deemed to ... [be] capable of making basic logical deductions and inferences." *Id*. The "uneducated debtor ... is wise enough to read collection notices with added care, [and] possess 'reasonable intelligence.'" *Petit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). Because there was no threatened action, this claim must be dismissed.

> The section 1692e(10) claim is not well-pleaded and is based on bare recitation of the legal elements

A violation of Section 1692e(10) occurs when communication from a debt collector in an attempt to collect a debt uses "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). For a communication to be false, misleading, or deceptive, it must "mislead the unsophisticated consumer" as to the information contained within the letter. *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009). A collection letter is not false, misleading, or deceptive if it is merely technically false; it is only "'false' [if] it would confuse the unsophisticated consumer." *Id*. "[A] mere claim of confusion is not enough; a plaintiff must show that the challenged 'language of the letters unacceptably increases the

level of confusion.'"  *Durkin*, 406 F.3d at 415 (quoting *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999)).

Ruiz offers nothing to establish his section 1692e(10) claim, other than the bare assertion that Midland used "false and deceptive means in an attempt to collect a debt." (Plaintiff's Cmplt ¶ 16d).  Taking the factual allegations in the complaint as true, and viewing them in the light most favorable to Ruiz, nothing indicates any use of false or deceptive means in the attempt to collect the debt.  *See Wahl*, 556 F.3d at 646 (stating that communication is false or deceptive if it would mislead the unsophisticated consumer, an objective standard).  The closest allegation to indicating false and deceptive means is Ruiz's assertion that "[w]hen [he] received [the] letter ... , *Plaintiff believed that legal action had been, or soon will be brought against [him].*" (Plaintiff's Cmplt ¶ 13) (emphasis added).  The allegation shows his subjective confusion, but that is insufficient to show the unsophisticated consumer would be confused.  *See Wahl*, 556 F.3d at 645-46 ("If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense.").

Based on the pleadings, it appears beyond doubt that Ruiz can prove no set of facts sufficient to support his claim for relief.  *Flenner*, 107 F.3d at 461.  Ruiz merely makes legal conclusions

couched as factual allegations, which are to be ignored by the court. *See Iqbal*, 129 S. Ct. at 1949.

Ruiz's Supplemental Authority is Unpersuasive

Ruiz offers *Gifford v. Midland Credit Management, Inc.*, decided August 8, 2011, as supplemental authority for his opposition to Midland's motion for judgment on the pleadings. *See Gifford*, No. 2:10-cv-8040-CAS-JCGx, 2011 U.S. Dist. LEXIS 88191, at *2-3 (C.D. Cal. Aug. 8, 2011). In that case, the plaintiff survived the defendant's motion for judgment on the pleadings because the letter sent stated "Midland Credit Management, Inc., is considering forwarding this account to an attorney *with the intent to initiate legal action* to satisfy the debt. *Id.* at *4–5, n.3. The letter sent to Ruiz does not contain the clause "with intent to initiate legal action", as his brief claims. (Plaintiff's Response Brief, p. 4). Thus, the letter in this case is not "almost identical" to the one in *Gifford*, as claimed.

In addition, notably the Ninth Circuit - the circuit where the supplemental authority derives - uses the subjective "least sophisticated debtor" test, where the Seventh Circuit uses the objective "unsophisticated consumer" test. *See id.* at *4, n.2 ("It is undisputed that the Ninth Circuit applies the least sophisticated debtor standard in determining whether a debt collector is liable under the FDCPA" (internal quotations

omitted)); *Durkin*, 406 F.3d at 414 (stating the Seventh Circuit uses the objective unsophisticated consumer test and rejects the least-sophisticated standard).

This Court is bound by the Seventh Circuit's precedent, and under its unsophisticated consumer standard, the letter sent to Ruiz does not mislead or deceive as to the defendant's intent. It merely "indicates that a matter may be referred to an attorney if ... payment is not made," which is not a threat of legal action under Section 1692e(5). *Jenkins*, 999 F. Supp. at 1136.

CONCLUSION

For the reasons set forth above, this motion is **GRANTED**. As a result, Plaintiff's FDCPA claims are **DISMISSED**.

DATED: January 6, 2012          /S/RUDY LOZANO, Judge
                                United States District Court